IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-289-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONALD GENE CARROLL, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 96, 98) pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

**BACKGROUND**

On February 14, 2017, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 846; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The court sentenced defendant to an aggregate term of 106 months' imprisonment and five years' supervised release. Defendant now moves for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release from his custodial sentence.

**COURT'S DISCUSSION**

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First

Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020).[1] The court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. See Kibble, 992 F.3d at 330–32; McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020).

Section 3553(a) requires that the court consider the following factors when imposing a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training,

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

medical care, or other correctional treatment in the most effective manner; [and]
. . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case. Kibble, 992 F.3d at 332.

Here, defendant requests compassionate release based on his risk of infection with COVID-19 in a custodial setting and the accompanying risk of suffering severe complications from the disease due to his underlying health issues. The court will assume without deciding that these circumstances constitute extraordinary and compelling reasons for compassionate release. See United States v. High, 997 F.3d 181, 186–87 (4th Cir. 2021).

The court, however, declines to reduce the sentence in light of the nature and circumstances of the offense conduct. Defendant was an organizer or leader of a drug trafficking operation responsible for distributing heroin and marijuana in this district. He was held personally accountable for distributing 299 grams of heroin. In addition, defendant possessed firearms during his drug trafficking, which substantially increased the risk to public safety. See United States v. Robinson, 627 F.3d 941, 956 (4th Cir. 2010) (noting "aggravating risks that stem from mixing guns and drugs" such as heightened prospect for violence). In light of this offense conduct, a sentence of time served would not accomplish the goals of sentencing even when the § 3553(a) factors are reconsidered in the context of the COVID-19 pandemic.

Defendant argues that his post-sentencing conduct justifies a sentence reduction. He relies on his Federal Bureau of Prisons ("FBOP") employment record and the fact that he has taken educational and vocational courses. But defendant's post-sentencing conducts includes five

3

disciplinary infractions, including stealing and possessing unauthorized items. (Progress Report (DE 98-4) at 2). In addition, FBOP officials report defendant "has failed to participate in recommended programs." (Id.). While the court commends defendant for his efforts at rehabilitation, the post-sentencing conduct does not support a sentence reduction.

As for defendant's remaining arguments, his risk of contracting COVID-19 and suffering severe disease is mitigated by the fact that defendant is fully vaccinated. (DE 96-3); see United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v. Brown, No. 7:13-CR-44-FL-1, 2021 WL 2481676, at *2 (E.D.N.C. June 17, 2021). And defendant's arguments that he has strong prospects for post-release employment, a supportive family, and that this is his first term of incarceration do not justify a sentence reduction in light of the offense conduct discussed above.

Having fully considered defendant's risk of infection with COVID-19 and his arguments for a sentence reduction, together with the full record of this case in light of the § 3553(a) factors, the court finds the current sentence remains necessary to reflect the seriousness of the offense conduct, promote respect for the law, protect the public from further crimes of defendant, and provide general and specific deterrence to criminal conduct.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 96, 98) is DENIED.

SO ORDERED, this the 29th day of June, 2023.

LOUISE W. FLANAGAN
United States District Judge

4